IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNATHAN BRYANT GOODWIN,  ) | | |
| Plaintiff,  ) | | |
|  ) | | |
| v.  ) | No. 3:09-CV-1464-K (BF) | |
|  ) | | |
| SOCIAL SECURITY ADMINISTRATION,  ) | Referred to U.S. Magistrate Judge | |
| Defendant.  ) | For Pretrial Management | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On August 24, 2009, this Court struck Plaintiff's Complaint and unfiled it because Plaintiff had not paid a filing fee nor submitted a request to proceed *in forma pauperis*. Further, the Complaint did not comply with FED. R. CIV. P. 8(a) which requires a short plain statement of the grounds for the court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief. Additionally, no cover sheet was submitted and the complaint lacked an original signature.

The Court ordered Plaintiff to cure these deficiencies within thirty days of the date of the Order and gave Plaintiff notice that failure to comply with the Order might result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v.*

*Wabash, R.R. Co.*, 370 U.S. 626 (1962)).  Plaintiff has failed to comply with the Court's Order of August 24, 2009 to cure the deficiencies in his complaint and to pay the filing fee or file a motion to proceed *in forma pauperis*.  This case should be dismissed for want of prosecution.  FED. R. CIV. P. 41(b).

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss this case without prejudice for want of prosecution.

Signed, October 13, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).